

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

July 17, 2023

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

**Re:** *Parents Defending Education v. Linn-Mar Community Sch. Dist.*, **No. 22-2927:** Response to Rule 28(j) Notice of Supplemental Authority

Dear Mr. Gans:

According to Linn-Mar, PDE's challenge to the parental-exclusion policy is "moot" because Iowa passed a law giving parents certain rights regarding their children's gender identity. Ltr.1 (citing Iowa S.F. 496). Linn-Mar rightly concedes that Senate File 496 could not "impact the remaining issues in this case," Ltr.1, and so PDE can keep pressing its speech claim on behalf of its members and their children, *see Pa. Psychiatric Soc. v. Green Spring Health Servs.*, 280 F.3d 278, 291-92 (3d Cir. 2002). And Linn-Mar ignores the consequence of its mootness argument: It would require *vacating* the decision below, not affirming. *Longley v. Halohan*, 34 F.3d 1366, 1367 (8th Cir. 1994). Regardless, Linn-Mar's mootness argument is wrong for two main reasons.

**First**, Linn-Mar has repeatedly argued that its parental-exclusion policy is required by "federal" antidiscrimination law. Red-Br.29-33. Federal law trumps state law, so Linn-Mar doesn't think Senate File 496 *requires* it do anything. It thinks federal and state law now conflict and, apparently, is *choosing* to follow state law. That choice is "voluntary cessation," which cannot moot a case unless Linn-Mar carries a "heavy burden." *AUSCS v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007). Its letter, which lacks any argument or caselaw, cannot carry that burden. *Golden v. Columbus*, 404 F.3d 950, 963 n.10 (6th Cir. 2005). Another knock against it is the letter's suspicious timing—nearly 50 days after the bill passed, perhaps reflecting Linn-Mar's hope that this Court would rule first. *Speech First, Inc. v. Fenves*, 979 F.3d 319, 327-29 (5th Cir. 2020).

**Second**, Senate File 496 doesn't address core aspects of the parties' dispute over the parental-exclusion policy. *Rosenstiel v. Rodriguez,* 101 F.3d 1544, 1548 (8th Cir. 1996). While the law says schools cannot give parents "'false or misleading'" information, Ltr.1, the policy lets Linn-Mar give parents *no* information, Blue-Br.8-9. And while the law says schools must tell parents information given to a "'licensed practitioner,'" Ltr.1, the policy lets Linn-Mar keep parents in the dark when information is given to any other employee, Blue-Br.8-9. Parental rights are violated all the same.

Respectfully submitted,

/s/ *Cameron T. Norris*
Counsel for Appellant
Parents Defending Education

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 345 words.

Dated: July 17, 2023 /s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: July 17, 2023 /s/ *Cameron T. Norris*